**L. Seville PARKS, Plaintiff—Appellant,**

v.

**David D. WILLIAMS; et al., Defendants—Appellees.**

No. 05–15083.
D.C. No. CV–02–00657–LRH.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**6**

L. Seville Parks, Ely, NV, pro se.

Janet E. Traut, Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Nevada state prisoner L. Seville Parks appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging prison officials used excessive force, and were deliberately indifferent to his medical needs, when he was committed to a prison mental health unit and placed in four-point restraints in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Parks's excessive force claim because Parks failed to raise a genuine issue of material fact as to whether defendants applied force "maliciously and sadistically for the very purpose of causing harm," rather than in a good-faith effort to restore discipline after Parks intentionally and repeatedly flooded the upper and lower tiers of his housing unit and verbally assaulted prison staff. *See Clement v. Gomez,* 298 F.3d 898, 903–04 (9th Cir.2002); *see also Jeffers v. Gomez,* 267 F.3d 895, 910–11 (9th Cir.2001) (a prison security measure that is undertaken for the protection of prison officials and the inmate population is constitutional when it is applied in good-faith and not used maliciously).

Parks also failed to raise a genuine issue of material fact as to whether defendants were deliberately indifferent to his health or safety when they restrained him for several hours in the mental health unit, because he failed to show that defendants' conduct rose to the level of an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hallett v. Morgan*, 296 F.3d 732, 746–49 (9th Cir. 2002) (finding no deliberate indifference where use of force to control mentally ill prisoners' behavior was found to be reasonable).

Parks's remaining contentions lack merit.

**AFFIRMED.**